IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:03CR118 |
| v. | § | |
| | § | |
| TAMMI D. ZIGENFUS | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On April 29, 2008, the Court held a hearing on Tammi Zigenfus's Motion to Modify Sentencing Order/Judgment (Dkt. 49), this matter having been referred to the undersigned by the Honorable Michael Schneider. On October 24, 2003, Zignefus was sentenced to18 months confinement with 3 years of supervised release to follow. She was also ordered to pay restitution in the amount of $229,071.74, with interest to accrue at 4% a year. She now seeks to have the amount of restitution to be paid modified. The Government opposes the motion. Having reviewed the pleadings and the applicable authorities, the Court finds that the motion should be DENIED.

Although the Honorable Paul Brown originally sentenced Zigenfus, this matter was transferred to Judge Schneider on the retirement of our distinguished senior jurist. Neither party challenges the Court's jurisdiction to consider the motion even though Zigenfus has been discharged from supervised release. Therefore, the Court concludes that the matter is in the proper forum for consideration.

The Court has considered the motions, briefs, testimony and argument of counsel. According to the Government, Zigenfus has paid a total of $101,276.26 in restitution. Much of this amount was

garnished by the government from her community half of her husband's IRA. She has now entered into a settlement agreement to pay an additional sum of $37,800 to settle all claims with her former employers, the victims of her crime. The victims appeared at the hearing through counsel to announce the settlement and to support this motion to modify.

The Government argues that a total of $161,558.33 remains unpaid and that the Court should not modify the judgment. This sum represents the principal and interest which continues to accrue.

A civil settlement does not undermine the Court's ability to impose restitution since restitution serves both a penal and compensatory function. *See United States v. Sheinbaum,* 136 F.3d 443, 448 (5th Cir. 1998). Here, although the settlement was entered into after imposition of the sentence, the same principle applies. *See U.S. v. Lester*, 2007 WL 804449 (N.D. Tex. 2007).

In her motion, Zigenfus cites no statutory basis for modification. At the hearing, she did argue that 18 U.S.C. § 3364(k) allows this Court to modify her restitution on a showing of change in circumstances. That statute provides in part that the "(c)ourt may, on its own motion, or the motion of any party including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3364(k). The wording of the statute does not appear to permit the Court to reduce the total amount of restitution, but only allows the Court alter the manner or schedule of payment.

The Government does not address the wording of the statue but only asserts that Zigenfus's partition agreement with her husband in effect amounts to a fraudulent transfer of assets. Although Zigenfus in her post-hearing brief argues that 18 U.S.C. § 3664(o) contemplates modification of a restitution order, none of the approved methods for amendment or correction appear to apply to this

2

case.

There is no authority for the Court to do what Zigenfus requests. Even if Section 3364 can be read to allow the Court to reduce the amount of restitution, Zigenfus would still have to show a material change in her economic circumstances for the section to apply. At the hearing, there was evidence that her husband's IRA had been garnished as to her community half. There was also testimony that this whole ordeal has strained the family relationship. On the Court's questioning, Zigenfus admitted to making $50,000 a year at her present job. This does not show a material change in economic circumstances sufficient to justify a change under Section 3364.

In the end analysis, the Court simply lacks the statutory authority to change the amount of restitution previously ordered. That amount was not appealed. In any event, should this analysis prove erroneous, Zigenfus has not shown a material change in her economic circumstances to warrant the reduction requested.

Therefore, the Court recommends that the Motion to Modify Sentencing Order/Judgment (Dkt. 49) be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of May, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE